Filed 2/18/15  P. v. Shaw CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062291 |
| v. | (Super.Ct.No. RIF099191) |
| RONALD JAMES SHAW, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  David A. Gunn, Judge.

Affirmed.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# I

## STATEMENT OF THE CASE

On May 6, 2003, following a jury trial, defendant and appellant Ronald James Shaw was convicted of violating Penal Code[1] section 666, petty theft with a prior. The jury also found true three prison priors and two Three Strike priors. The first strike prior was a conviction on April 24, 1984, of rape under section 261.2. The second strike prior was a conviction on March 12, 1993, of robbery under section 211. On February 27, 2004, defendant was sentenced to a total indeterminate term of 25 years to life.

On January 6, 2014, defendant filed an in propria persona petition for resentencing under section 1170.126. The court denied the petition on January 10, 2014, finding defendant ineligible because of the prior strike conviction for rape. Defendant then filed a second in propria persona petition for recall of sentence on September 19, 2014. The court once again denied the petition based upon the prior strike for his rape conviction.

On November 7, 2014, defendant filed a timely notice of appeal indicating that it was an appeal from an order finding defendant ineligible for resentencing as a matter of law under section 1170.126.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

# II[2]
## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so.  On January 30, 2015, defendant filed a five-page handwritten brief.  In his brief, defendant appears to be challenging the constitutionality of section 1170.126 and his prior guilty plea for rape.

We hereby first address defendant's challenge to section 1170.126.

In this case, for his conviction of petty theft under section 666, defendant is serving an indeterminate term of 25 years to life pursuant to section 667, subdivision (e)(2)(A) for his prior rape conviction.  Section 1170.126, subdivision (e)(3), provides that an inmate is eligible for resentencing if "[t]he inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of [s]ection 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of [s]ection 1170.12."  Defendant here has a prior conviction for rape, which is a sexually violent offense as defined in Welfare and Institutions Code section

_____

[2] The facts of the underlying case are not relevant.  The only issue on appeal relates to defendant's sentence.  Therefore, a separate statement of facts is not necessary.

6600, subdivision (b), as well as offenses listed in sections 667, subdivision (e)(C)(iv)(I), and 1170.12, subdivision (c)(2)(C)(iv). Defendant is therefore ineligible for resentencing under section 1170.126.

On appeal, defendant appears to be contending that section 1170.126 violates his constitutional rights under the double jeopardy clause because the court is allowed to use his prior strike conviction to find him ineligible for resentencing. Use of the strike conviction does not offend double jeopardy principles. A three strikes defendant is not being punished for the old offenses, but rather for the new offense. (See *Witte v. United States* (1995) 515 U.S. 389, 400, [132 L.Ed.2d 351, 115 S.Ct. 2199] ["In repeatedly upholding such recidivism statutes, we have rejected double jeopardy challenges because the enhanced punishment imposed for the later offense . . . [is] 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'"].) Likewise, the use of the strike conviction to find him ineligible for resentencing does not raise any double jeopardy concerns since he is not being punished again for the same crime. Defendant's constitutional claim is without merit.

Defendant also seems to be arguing that, by excluding defendants who have committed serious and violent felonies from resentencing under section 1170.126, the statute violates these defendants' equal protection rights. "The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally. [Citation.] Accordingly, "'[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an

4

unequal manner.'" [Citation.] 'This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged."' [Citation.]" (*People v. Brown* (2012) 54 Cal.4th 314, 328.)

Section 1170.126 provides a procedural mechanism by which inmates sentenced under the three strikes law may seek modification of their sentences. Qualifying inmates, who have not suffered prior serious or violent convictions, may seek such modifications. Defendant is in a different category. He is among the category of inmates who have suffered those convictions excluded under section 1170.126. Inmates in defendant's category are ineligible to petition for recall of sentence. The Legislature's definition of crimes and imposition of different sentences for crimes of differing severity are subject to rational basis review. (*People v. Wilkinson* (2004) 33 Cal.4th 821, 837-838.) The effect of section 1170.126 is rational.

Next, we address defendant's challenge to his prior guilty plea from 1984. We note that this appeal pertains to the trial court's refusal to resentence defendant under section 1170.126 for his current offense. Defendant is barred from challenging his guilty plea on a different case from almost thirty years ago on this current appeal.

We have examined the entire record and are satisfied that no arguable issues exist, and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*People v. Kelly* (2006) 40 Cal.4th 106.)

# III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS.

McKINSTER
_____
J.

We concur:

RAMIREZ
_____
P. J.

HOLLENHORST
_____
J.

6